IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Bradley Allen Pearson, ) | |
| ) | Civil Action No. 6:10-1965-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Mr. Beasley, Food Administrator; ) | |
| Ms. Middleton, Chaplain; Mr. Appolo, ) | |
| Chaplain; and D. Drew, Warden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). The plaintiff, a federal inmate who is proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On January 12, 2011, the defendants filed a motion to dismiss. By order filed on January 13, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his opposition to the motion on January 27, 2011.

**FACTS PRESENTED**

The plaintiff is currently incarcerated at FCI Bennettsville serving a 262-month term imposed by the United States District Court for the Southern District of Florida for conspiracy to possess with intent to distribute cocaine. He was sentenced on October 25, 2002, and his projected release date is November 3, 2021, with credit for good conduct time (Jenifer G. Hollett decl. ¶ 3).

The defendants are Mr. Beasley, who is currently the Food Administrator at FCI Bennettsville; Ms. Middleton, a Chaplain at FCI Bennettsville; Mr. "Appolo," who is actually Supervisory Chaplain Apollo at FCI Bennettsville; and Mr. D. Drew, the Warden at FCI Bennettsville. The plaintiff specifically claims that he has been denied a "vegan" diet, which he claims is a necessary part of his religion (Rastafarian Rotosayant). He seeks an order requiring that the defendants provide him with a vegan diet, a restraining order preventing the prison staff from retaliating against him, and any other relief the court may deem appropriate (comp. at p. 3).

**APPLICABLE LAW AND ANALYSIS**

Although the defendants have styled their motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this court has considered the defendants' evidence[1] submitted outside of the pleadings and therefore will proceed under Federal Rule of Civil Procedure 56. *See* Fed.R.Civ.P. 12(d). Rule 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1] While a court may consider the materials attached to the plaintiff's complaint in deciding a Rule 12(b)(6) motion based on exhaustion, *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), the defendants have submitted a declaration in support of their motion that has also been considered by the court (def. m. to dismiss, ex. A, Jenifer Hollett decl.)

2

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden

of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants first argue that the complaint should be dismissed because the plaintiff has failed to exhaust his administrative remedies. This court agrees. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Exhaustion is required for "all action[s] ... brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Id.* at 204. It also has the "potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record*." Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89-90. This is

4

especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The Bureau of Prisons ("BOP") has a three-tiered formal administrative grievance process, although there is also an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq*. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. *Id.* § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden within 20 calendar days after the date upon which the basis for the request occurred. *Id.* § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id.* If dissatisfied with the response, the inmate may appeal to the Regional Director within 20 days of the date of the Warden's response. *Id.* § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel within 30 days of the Regional Director's response. *Id.* Appeal to the General Counsel is the final level of agency review. *Id.*

The plaintiff attached to his complaint four "Inmate Requests to Staff Member," which he claims were submitted and unanswered as proof of his exhaustion (comp. at pp. 7-8). The first is a document that does not contain any indication of when it was sent or to whom it was sent (*id.*, ex. A). The document does not request any relief or state a complaint; it simply sets out the plaintiff's belief that he needs a vegan diet consisting only of vegetables and fruit (*id.*). The second document is addressed to defendant Beasley on June 22, 2010, wherein the plaintiff requests a vegan diet tray (*id.*, ex. B). On June 28, 2010, the plaintiff submitted a similar Request to Staff to Chaplain Middleton, who responded the same day as follows: "The request has been shared with the Religious Services Supervisor and the Food Service Administrator" (*id.*, ex. C). Also on June 28th, the plaintiff sent the same Request to Staff to Chaplain Apollo, who responded

the same day, "This request must go thru food service. There is a no flesh diet" (*id.*, ex. D). The plaintiff submitted his complaint to prison officials for forwarding to the district court on July 23, 2010, and the complaint was filed on July 28, 2010 (doc. 1-4).

The plaintiff's claim that the Requests to Staff constitute exhaustion is without merit. As a recent decision from within this district noted:

> [A] prisoner can "properly exhaust" his administrative remedies only by following the BOP's administrative remedies procedure, as set out in 28 C.F.R. § 542.10 *et seq*. As noted above, in order to properly exhaust, an inmate must file a formal complaint using a Form BP-9, and follow the appropriate appellate procedures thereafter. . . .

*Fair v. Holland*, C.A. No. 9:09-cv-3118-RBH, 2010 WL 5174018, at *2 (D.S.C. Dec. 15, 2010).

Records reflect that the plaintiff has used the BOP's administrative remedy process in the past (Hollett decl. ¶ 9 and attach. 1). Despite this knowledge about the process, the plaintiff made no attempt to file any administrative grievance concerning the issues in this litigation (*id.*).

The plaintiff admits he has not exhausted his administrative remedies in his complaint. However, he attempts to shift the responsibility for this failure to the BOP (comp. at pp. 7-8). The plaintiff claims he presented his grievance and that it was not answered by the BOP (*id.*). He states that Supreme Court precedent states that once an inmate files an inmate request as is required by the BOP's policy and it goes unanswered, the grievance process is deemed to be completed by the inmate (*id.* at p. 8).

The Fourth Circuit Court of Appeals has recognized that an administrative remedy is not considered to have been available if a prisoner, "through no fault of his own, was prevented from availing himself of it." *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). However, here, the plaintiff made no effort to submit a grievance through the proper procedures. While the plaintiff submitted Request to Staff forms addressing his desire for a vegan diet, "these documents are not grievances. To exhaust his

6

administrative remedies, [the] [p]laintiff must pursue formal grievances." *Johnson v. Ozmint*, 579 F.Supp.2d 806, 815 (D.S.C. 2008) (citing *Richardson v. Fed. Bureau of Prisons*, No. 1:06CV136, 2006 WL 3254498, at *2 (N.D. W.Va. Nov.9, 2006) (concluding the plaintiff failed to exhaust his administrative remedies when he submitted "Inmate Request to Staff" and "Administrative Remedy Informal Resolution" forms to staff at his federal correctional institution but failed to show he had submitted any formal "Request for Administrative Remedy" forms)).

Here, the record is clear the plaintiff has taken part only in the informal resolution process and has failed to file any formal grievance or any appeal to the Regional Director and General Counsel. The plaintiff has made absolutely no showing that he was prevented, through no fault of his own, from pursing his administrative remedies. Remedies were available; the plaintiff simply chose not to avail himself of them.

Based upon the foregoing, this action should be dismissed without prejudice for failure to exhaust administrative remedies.[2]

                                      s/Kevin F. McDonald
                                      United States Magistrate Judge

April 8, 2011

Greenville, South Carolina

---

[2] As this court recommends that the action be dismissed for failure to exhaust administrative remedies, the defendants' remaining arguments will not be addressed.

7