IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradley Allen Pearson, ) | Civil Action No. 6:10-cv-1965-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Mr. Beasley, Food Administrator, et. al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion be granted. (Dkt. No. 40).[1] The Plaintiff has failed to object. After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with

---

[1] The Magistrate Judge and this Court have construed the motion as one for summary judgment since Defendants rely on materials outside the pleadings.

1

instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Defendants' claim that they are entitled to judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a). The Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

An inmate's failure to exhaust administrative remedies is an affirmative defense that must be properly raised by the defendant. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). Exhaustion is defined by each prison's grievance procedure, not the PLRA; an inmate must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones*, 549 U.S. at 218. However, as the United States Supreme Court has emphasized, an inmate can only exhaust those administrative remedies that are available to the inmate. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal

standards."); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." (emphasis added)).

In the present action, Defendants have established they have a grievance procedure in place. Plaintiff in his Complaint concedes he did not utilize the process to complete but attempts to blame the Defendants for his failures. However, the record is clear the plaintiff has taken part only in the informal resolution process and has failed to file any formal grievance or any appeal to the Regional Director and General Counsel. The plaintiff has made absolutely no showing that he was prevented, through no fault of his own, from pursing his administrative remedies. Remedies were available; the plaintiff simply chose not to avail himself of them. Accordingly, Plaintiff's action fails.

## Conclusion

Based on the above, Defendants' motion is **granted** and this action is dismissed without prejducie. (Dkt. No. 35).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 28, 2011
Charleston, South Carolina

3